(34 Misc. Rep. 400.)

### MUTUAL LOAN ASS'N v. BRANDT.

(City Court of New York, General Term. March 26, 1901.)

1. PROMISSORY NOTES—EXCHANGE—CONSIDERATION.
    An exchange of notes creates a good consideration for the undertaking of each.

2. SAME—ACTION ON ACCOMMODATION NOTE—CONSIDERATION FOR TRANSFER— RIGHT TO QUESTION.
    An accommodation note made to the order of the maker having had a legal inception before it was discounted by the party for whose accommodation it was drawn, the consideration moving to the latter on the transfer thereof could not be inquired into by the maker in an action thereon.

Appeal from trial term.

Action by the Mutual Loan Association against Fred Brandt. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before McCARTHY and DELEHANTY, JJ.

Mayer & Gilbert, for appellant.
Jacob Levy, for respondent.

DELEHANTY, J. This action was brought to recover the amount of a promissory note executed by defendant to the order of himself, and alleged to have been transferred to the plaintiff for value before maturity. The defense was that the note in question was delivered by defendant to one Heyman without consideration and solely for his accommodation, and by said Heyman discounted with plaintiff at a usurious rate of interest. Upon the trial the defendant testified, under cross-examination, that on the day he gave the note in suit to Heyman he received a note from him for the same amount. Both notes were received in evidence, and, an inspection shows, are of even date, tenor, and effect. This exchange of the obligation of one for that of another created a good consideration for the undertaking of each. Newman v. Frost, 52 N. Y. 422. The note in suit having, therefore, had a legal inception as such before it came into the hands of the plaintiff, the defendant could not go into the question of consideration moving between Heyman and the plaintiff on the transfer of the note to the latter. The case having assumed that state, there was no issue to submit to the jury, and a direction by the court in favor of the plaintiff was proper.

We have examined the rulings of the trial justice, and are of the opinion that no error was committed; and the judgment must therefore be affirmed, with costs.

McCARTHY, J., concurs.